IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR-08-65-BLG-DWM-CSO-1 |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE SUPERVISED RELEASE** |
| DREW RUDY WHITESHIELD, | |
| Defendant. | |

## I. Synopsis of Recommendation

A petition alleged that Drew Rudy Whiteshield ("Whiteshield") violated his conditions of supervised release by: (1) consuming alcohol, (2) failing to attend sex offender treatment, (3) failing to complete sex offender treatment because he was terminated from the treatment group by the contracted treatment provider; and (4) failing to notify his probation officer of a change in employment. *ECF 87.* He admitted the first and third alleged violations, but denied the second and fourth alleged violations. Whiteshield's supervised release should be revoked,

1

and he should be sentenced to 6 months imprisonment with 30 months supervised release to follow.

## II. Status

On April 17, 2008, Whiteshield was charged with Aggravated Sexual Abuse and Sexual Abuse of a Minor. *ECF 1*. Whiteshield was arrested on April 23, 2008. *ECF 2*. On May 8, 2008, after a detention hearing, the undersigned released Whiteshield on specified conditions. *ECF 12*.

On August 4, 2009, the United States Probation office filed a Petition for Action on Conditions of Pretrial Release and, based on the petition, the undersigned issued a warrant for Whiteshield's arrest. *ECF 54, 55*. Whiteshield appeared before the undersigned for an initial appearance on August 14, 2009, and for a detention hearing on August 18, 2009. *ECF 56, 58*. After the detention hearing, the undersigned remanded Whiteshield to the custody of the United States Marshals. *ECF 58, 60*.

On August 24, 2009, Whiteshield pled guilty to Sexual Abuse of a Minor, as charged in Count II of the indictment. *ECF 70*. The Court

sentenced Whiteshield to 24 months incarceration with 5 years of supervised release to follow. *ECF 85.* Whiteshield began his term of supervised release on April 22, 2011. *ECF 87.*

**<u>Petition</u>**

On June 13, 2013, the United States Probation Office filed Petition for Warrant or Summons for Offender Under Supervision alleging that Whiteshield violated: (1) Special Condition Number 15 by consuming alcohol on three occasions; (2) Special Condition Number 3 by failing to attend sex offender treatment on four separate occasions; (3) Special Condition Number 3 by failing to complete sex offender treatment, after being terminated from his group; and (4) Standard Condition Number 6 by failing to notify his probation officer of a change in employment. *ECF 87.*

Based on the petition, the undersigned issued a warrant for Whiteshield's arrest. *ECF 88.* The case was reassigned to the Hon. Donald W. Molloy, U.S. District Judge, and referred to the undersigned for Findings and Recommendations. *See Standing Order No. DLC-6, superseded by Standing Order No. DLC-7.*

3

**Initial Appearance**

Whiteshield was arrested on August 12, 2013. He made an initial appearance before the undersigned on August 15, 2013, in Billings, Montana.

**Revocation Hearing**

On August 15, 2013, the undersigned also conducted a hearing on whether Whiteshield's supervised release should be revoked. Mark Werner, Federal Defenders of Montana, represented Whiteshield. Stephanie Fuller, a law student properly admitted to appear under the supervision of Assistant U.S. Attorney Lori Suek, represented the United States.

The undersigned explained the Findings and Recommendations procedure to Whiteshield, including his right to appear and allocute before Judge Molloy and the necessity of properly objecting to the Findings and Recommendations in order to preserve that right. In addition, Whiteshield, his counsel, and the Assistant U.S. Attorney executed an Acknowledgment of Rights and Consent, again acknowledging his understanding of the Findings and

4

Recommendations procedure and consenting thereto.

Whiteshield admitted the first alleged violation – violation of Special Condition Number 15 by consuming alcohol on three occasions – and the third alleged violation – violation of Special Condition Number 3 by failing to complete sex offender treatment. Whiteshield denied the remaining alleged violations. The undersigned accepted his admissions with respect to the first and third alleged violations, determined that his supervised release should be revoked, and proceeded to consider sentencing recommendations.

The undersigned calculated that Whiteshield's violation grade is C, his criminal history category is I, and the underlying offense is a class C felony. Under those circumstances, the maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 3-9 months incarceration. Whiteshield could be sentenced to as much as 36 months supervised release, less any incarceration time imposed. Ms. Fuller and Mr. Werner agreed with those calculations.

Ms. Fuller requested a sentence of 9 months incarceration with 51 months supervised release to follow. Ms. Fuller argued that the

seriousness of these violations, particularly regarding the failure to complete sex offender treatment, warrant a sentence on the high end of the sentencing guideline.

Mr. Werner requested 3 months incarceration with 36 months supervised release to follow. Mr. Werner acknowledged that Whiteshield's violations are serious, but asked the Court to consider two factors that militate leniency. First, Mr. Werner argued that Whiteshield attended outpatient alcohol abuse treatment for about 12 months and successfully completed the program in September of 2012. Second, Mr. Werner argued that Whiteshield has aspirations of obtaining employment with his tribe, and completed a one-week course this summer on tribal historic preservation.

Whiteshield addressed the Court. As to his alcohol use, Whiteshield stated that while he did relapse in 2011, he was able to find help and successfully completed his chemical dependency treatment. As to failing to complete sex offender treatment, Whiteshield stated that his treatment provider does not understand his circumstances with respect to living on the reservation, and feels that

6

she does not listen or pay attention to him or others in the group. He also explained that due to the size of his treatment group, there was insufficient time to meet with the treatment provider or adequately participate in the group meetings.

## III. Analysis

Based on Whiteshield's two admitted violations of his conditions of supervised release, his supervised release should be revoked. The violations are troubling not only because they are breaches of the Court's trust, but also because of the multiple attempts made by his supervising officer to impart upon Whiteshield the seriousness of his noncompliance and the consequences that likely would result with continued failures to comply.

On the other hand, Whiteshield has shown a desire to participate in his treatment programs and improve his circumstances. The Court listened carefully to Whiteshield's contentions concerning his sex offender treatment program and requested that the probation office investigate as appropriate, while explaining to Whiteshield that he cannot choose his provider but must work with the contract provider.

Accordingly, a sentence in the mid-range of the sentencing guideline is recommended. Whiteshield should be sentenced to 6 months incarceration, with 30 months supervised release to follow. No circumstances warrant a departure from the guideline range.

## IV. Conclusion

The undersigned advised Whiteshield that the above sentence would be recommended to Judge Molloy, and reminded him that he has the right to appear and allocute before Judge Molloy. The undersigned instructed Whiteshield that he may object to these Findings and Recommendations within 14 days of their issuance, and must do so if he wishes to preserve his right to allocute before Judge Molloy.

The Court makes the following **FINDINGS:**

1. Whiteshield violated Special Condition Number 15 by consuming alcohol on three occasions.

2. Whiteshield violated Special Condition Number 3 by failing to complete sex offender treatment.

The Court makes the following **RECOMMENDATION:**

1. The District Court should revoke Whiteshield's supervised release and commit Whiteshield to the custody of the United States Bureau of Prisons for a term of imprisonment of 6 months, with 30 months supervised release to follow.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 16th day of August, 2013.

                                               /s/ Carolyn S. Ostby  
                                              United States Magistrate Judge